IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WILLIAM D. HAMBY, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:20-cv-00029 |
| | ) | Judge Trauger |
| TONY PARKER, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff William D. Hamby, Jr., an inmate at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983. (Doc. No. 1.) Unfortunately, the plaintiff has not paid the required filing fee, nor has he submitted an application to proceed in forma pauperis (IFP). One or the other is required in order for the court to process the complaint.

However, in no event is a prisoner allowed to file a civil action IFP in this court if he has, on three or more prior occasions, brought an action in a court of the United States that was dismissed on grounds of frivolity, maliciousness, or failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The plaintiff has previously filed at least four actions in this Court which were dismissed for failure to state a claim. *See Hamby v. Lingle*, No. 3:12-cv-0942 (M.D. Tenn. Sept. 18, 2012); *Hamby v. Johnson*, No. 3:12-cv-1303 (M.D. Tenn. Jan. 10, 2013); *Hamby v. Johnson*, No. 3:13-cv-0096 (M.D. Tenn. Apr. 10, 2013); *Hamby v. Thomas*, No. 3:13-cv-0127 (M.D. Tenn. Feb. 19, 2013). In light of these prior dismissals, the plaintiff is a "three-striker" who may only

proceed as a pauper in this action if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within the statutory exception to the "three-strikes" rule, the danger the plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, e.g., *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, a plaintiff must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the complaint. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted).

The plaintiff alleges that he is in imminent danger because he is "cuffed & shackled around inmate workers from other pods" who should not be in the sheltered living unit where the plaintiff resides. (Doc. No. 1 at 2.) He alleges that, on August 13, 2019, he was assaulted by an inmate who was not supposed to be in his pod, and he appears to base his allegation of imminent danger on his fear that he may be assaulted again. (*Id.*) The plaintiff otherwise alleges that the conditions of his confinement are unsatisfactory and contrary to Tennessee Department of Correction policy. (*Id.*)

The Court cannot find that the plaintiff is under any real and proximate threat of serious physical injury as a consequence of being exposed to inmates from other pods, simply because he was assaulted by one such inmate in the past. *See Vandiver*, 727 F.3d at 585 (finding that allegation of imminent threat based on past dangers does not justify exception from Section 1915(g)). The Court therefore finds that Section 1915(g) precludes the granting of pauper status in this case. The Sixth Circuit Court of Appeals has made the following observation with respect to prisoners who fall within the scope of § 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Accordingly, within **28 days** of the entry of this order, the plaintiff **SHALL** remit the full filing fee of four hundred dollars ($400.00) to the Clerk of Court. The plaintiff is cautioned that, should he fail to comply with this order within the time specified, the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge