IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM D. HAMBY, JR., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:20-cv-00029 |
| | )   Judge Trauger |
| TONY PARKER, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff William D. Hamby, Jr., an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983. (Doc. No. 1.) Unfortunately, the plaintiff did not pay the required filing fee when he filed his complaint, and 28 U.S.C. § 1915(g) bars him from proceeding as a pauper because he has had at least three prior filings dismissed for failure to state a claim and does not allege that he is under imminent danger of serious physical injury. (*See* Memorandum and Order, Doc. No. 3, finding that Section 1915(g) applies and imminent danger not alleged). "In no event" is an inmate allowed to proceed as a pauper under such circumstances. 28 U.S.C. § 1915(g); *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

Accordingly, by order entered March 4, 2020, the court gave the plaintiff 28 days in which to pay the full filing fee and warned him that failure to do so would result in the dismissal of his case for want of prosecution and the assessment of the fee against him. (Doc. No. 3.) To date, well past the 28-day deadline, the plaintiff has failed to pay the filing fee or request an extension of time in which to do so. Dismissal of this action is therefore required.

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Moreover, "[i]t is clear that the district court [has] the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Dismissal of this action is appropriate in view of the plaintiff's fault in failing to comply with the court's order, despite having been warned that such failure could lead to dismissal. *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018). Dismissal under Rule 41(b) can be either with or without prejudice. In view of the plaintiff's pro se status, as well as the preference for disposing of cases on their merits, the court finds dismissal without prejudice to be the appropriate disposition here. *See id.* (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011)).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** and the $400.00 filing fee is hereby **ASSESSED** against the plaintiff. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). Payment shall be made as follows:

The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C.

§ 1915(b)(2). Payments shall continue until the $400.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge